**BRIAN T. DUNN, ESQ (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN III., ESQ. (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM –CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

**JENNIFER A. BANDLOW, ESQ (SBN 265757)**
Email: jbandlow@socaljusticelawgroup.com
**SOCAL JUSTICE LAW GROUP, P.C.**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 723-3120
Facsimile: (310) 734-1710

Attorneys for Plaintiff, JANE DOE 2 and JANE DOE 3

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 2 and JANE DOE 3,<br><br>    Plaintiffs,<br><br>vs.<br><br>OFFICER S. MERRILL, OFFICER J. SPINNEY, and DOES 1 through 10, Inclusive,<br><br>    Defendants.<br><br>_____ | CASE NO.: _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations of Civil Rights [42 U.S.C. § 1983] (Based on Sexual Battery)**<br>**2. Violations of Civil Rights [42 U.S.C. § 1983] (Based on Supervisory Liability)**<br>**3. Violations of Civil Rights [42 U.S.C. § 1983] (Based on Conditions of Confinement)**<br>**4. Violations of Civil Rights [42 U.S.C. § 1983](Based on Failure to Protect)**<br><br>**Demand for Jury Trial** |

1.     This Complaint concerns the abuse of power by Defendant, Correctional OFFICERS. MERRILL, and specifically, MERRILL'S policy and practice that required women in custody, including Plaintiffs JANE DOE 2 and JANE DOE 3, to perform sexual favors for him with the knowledge and consent of Defendant, Correctional OFFICER J. SPINNEY and DOES 2-10.

## JURISDICTION AND VENUE

2.     Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

3.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

4.     At all relevant times mentioned herein, Plaintiffs JANE DOE 2 and JANE DOE 3 were and are, incarcerated in the California Institute for Women (hereinafter "CIW"), located at 16756 Chino Corona Road, in the city of Chino, in the County of San Bernardino and in the State of California.

5.     Plaintiffs are informed and believe that at all times relevant herein, Defendant Correctional OFFICER S. MERRILL ("OFFICER MERRILL") was employed by California Department of Corrections and Rehabilitation ("CDCR") in the position of Correctional Officer and stationed at the CIW. During all times mentioned herein, OFFICER MERRILL was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of his employment with the CDCR.

6.     Plaintiffs are informed and believe that at all times relevant herein, Defendant Correctional OFFICER J. SPINNEY ("OFFICER SPINNEY") was employed by California Department of Corrections and Rehabilitation ("CDCR") in the position of Correctional Officer and stationed at the CIW. During all times

mentioned herein, OFFICER SPINNEY was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of his employment with the CDCR.

7.    Plaintiff is informed, believes, and thereupon alleges that the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (hereinafter "CDCR") is, and at all relevant times herein was, a state agency or political subdivision organized and existing under the laws of the State of California.

8.    Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants using fictitious names. Plaintiffs will amend this complaint to allege the DOES' true names and capacities when that information becomes known. Plaintiffs are informed and believe and on that basis allege that each of these fictitiously named Defendants are legally responsible in some manner for the actions and inactions alleged herein and that the injuries suffered by Plaintiffs as alleged throughout this complaint were proximately caused by these actions and inactions.  Plaintiffs further allege, based upon information and belief, that each Defendant sued herein was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

9.    At all relevant times mentioned herein Defendant DOES 1 through 10, inclusive, were residents of San Bernardino County and/or business or corporate entities incorporated in and/or doing business in the State of California by virtue of the laws of the State of California.

10.    Each Defendant is the agent, servant and/or employee of the other Defendants and each Defendant was acting within the course and scope of his,

her, or its authority as an agent, servant, and/or employee of the other Defendants. Defendants, and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

11.   Each of the individual Defendants sued herein is sued both in their individual and personal capacity as well as in their official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.   From January 29, 2020 until February 4, 2021, JANE DOE 2 was involved in the process of exhausting her administrative remedies within the period and manner prescribed by the California Department of Corrections and Rehabilitation. JANE DOE 3's administrative remedies were fully and finally exhausted on February 4, 2021, and not before this date.

13.   From January 29, 2020 until February 4, 2021, JANE DOE 3 was involved in the process of exhausting her administrative remedies within the period and manner prescribed by the California Department of Corrections and Rehabilitation. JANE DOE 3's administrative remedies were fully and finally exhausted on February 4, 2021, and not before this date.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.   This Complaint concerns the sexual assault, battery, abuse and harassment of Plaintiffs JANE DOE 2 and JANE DOE 3 in or around October or November 2017 by Defendant OFFICER MERRILL, without penological justification, at the California Institute for Women ("CIW"), located at or 16756 Chino Corona Road, in the city of Chino, in the County of San Bernardino and in the State of California.

15.   At all times referenced herein, JANE DOE 2 and JANE DOE 3 were within the custody, care, supervision, and control of, California Department of

Corrections and Rehabilitation ("CDCR"), OFFICER MERRILL ("OFFICER MERRILL"), OFFICER J. SPINNEY ("OFFICER SPINNEY") and other heretofore unknown Officers employed by CDCR and/or CIW designated herein as DOES 1-10.

16.     At all times referenced herein, while at CIW, JANE DOE 2 and JANE DOE 3 werewearing department issued clothing indicating their status as prisoners.  JANE DOE 2 and JANE DOE 3 were physically restrained to CIW.

17.     Throughout the acts and omissions described herein, OFFICERMERRILL was wearing his department issued uniform, with badge and identification plate plainly visible, and was armed with his department issued pepper spray, baton, handcuffs, flashlight and police radio.

18.     Throughout the acts and omissions described herein, OFFICERSPINNEY was wearing his department issued uniform, with badge and identification plate plainly visible, and was armed with his department issued pepper spray, baton, handcuffs, flashlight and police radio.

19.     During the acts and omissions alleged herein, OFFICER MERRILL was on duty during the night shift which started at approximately nine (9:00) or ten (10:00) p.m. and ended at approximately five (5:00) or six (6:00) a.m.

20.     During the time periods alleged herein, the individual doors to the CIW inmates' cells were locked by eight (8:00) p.m. and could only be opened with a key or by pressing a code in the office. Plaintiffs are informed and believe that, pursuant to CDCR rules and regulations, correctional officers were not allowed to unlock cell doors without a sergeant present.

### Sexual Harassment and Assault of JANE DOE 2

21.     In or around August or September 2017, JANE DOE 2 had a single cell. Defendant OFFICER MERRILL was working the night shift and would come to her cell approximately twice per week at or around three (3:00) a.m. or four (4:00) a.m. and unlock her cell door without a sergeant present.

22.    OFFICER MERRILL began grooming JANE DOE 2 at first being nice to her, bringing her food, and telling her how beautiful she was. However, at some point, shortly thereafter, in or around August or September 2017 he changed. OFFICER MERRILL started grabbing his penis inside his pants when he saw JANE DOE 2.

23.    JANE DOE 2 began hiding under her covers and pretending she was asleep when OFFICER MERRILL came around her cell. But it did not help. OFFICER MERRILL kept coming by and sexually harassing JANE DOE 2 against her will and without her consent. OFFICER MERRILL would flash the light from his flashlight onto JANE DOE until she moved and then he would open her cell door, without a sergeant present, and harass her.

24.    During the same time period, OFFICER MERRILL came to JANE DOE 2's cell and told her to take off her shirt, JANE DOE 2 objected, but OFFICER MERRILL told her that she "better" be in the shirt that he liked when he returned. Frightened and humiliated, JANE DOE 2 changed her shirt.

25.    On another occasion during the same time period OFFICER MERRILL commanded JANE DOE 2 to touch his penis. Terrified that he would retaliate against her or harm her in some way, JANE DOE 2 complied and was forced to touch OFFICER MERRILL'S penis on the outside of his pants. By forcing her to touch his penis, OFFICER MERRILL sexually assaulted, battered, abused and harassed JANE DOE 2 against her will and without her true consent.

26.    At some point thereafter, due to the sexual assault and constant sexual harassment by OFFICER MERRILL and her fear of retaliation if she were to report, JANE DOE 2 over-dosed on medication with the understanding that she would be moved to 'suicide-watch' and away from OFFICER MERRILL.

27.    At some point after she was removed from suicide watch, JANE DOE 2 was placed in a cell with cellmate JANE DOE 3.

28.     Subsequently, in or around October 2017, JANE DOE 2 was approached by officers from the Investigative Services Unit ("ISU") and questioned about the conduct of another correctional officer within CIW. At that time, JANE DOE 2 informed officers about some of the sexually abusive and harassing behavior by OFFICER MERRILL.

29.     After her disclosure about OFFICER MERRILL, officers from ISU and Internal Affairs ("IA") including, but not limited to, OFFICER SPINNEYquestioned JANE DOE 2 about OFFICER MERRILL and, OFFICER SPINNEY, and others whose names are currently unknown told JANE DOE 2 that she had to be part of a "set-up" to catch OFFICER MERRILL in the act. On information and belief officers from ISU and IA including, but not limited to, OFFICER SPINNEY, knew that OFFICER MERRILL was sexually harassing and sexually assaulting female inmates of CIW. JANE DOE 2 was terrified, but the ISU and IA officers including, but not limited to Spinney, assured her that they only wanted to catch OFFICER MERRILL going inside of her cell and that nothing would happen to her. The ISU and IA officers including, but not limited to Spinney, additionally assured JANE DOE 2 that they would place both a camera in the room and an audio recorder and if she felt threatened, all she had to say was a code phrase: "can we get some pizza" and ISU and/or IA would rush in and stop OFFICER MERRILL.

### The Sexual Harassment of JANE DOE 3

30.     In or around, October or November 2017, JANE DOE 3 recalls meeting OFFICER MERRILL for the first time when he came to the cell she shared with JANE DOE 2. OFFICER MERRILL dropped off food and said both women were "beautiful" and should be on the "cover of a magazine." OFFICER MERRILL then began touching himself and stated that he was "hard."

31.     Based on the encounter, and sexual harassment, and the prior sexual assault, battery, abuse and harassment experienced by JANE DOE 2, both

plaintiffs were scared to go to sleep that night. JANE DOE 2 and JANE DOE 3 began sleeping in the same bed thereafter because they both felt safer that way.

### The Sexual Assault of JANE DOE 2 and JANE DOE 3
### while ISU and IA Were Watching

32.     At some point in October or November 2017, unbeknownst to JANE DOE 3, ISU and IA including, but not limited to, OFFICER SPINNEY, had worked with JANE DOE 2 to plant a camera and an audio recording device in their cell. ISU and IA including, but not limited to, OFFICER SPINNEY, told JANE DOE 2 to flirt with OFFICER MERRILL so that they could catch him violating policy.

33.     That night, OFFICER MERRILL came to the cell approximately two to three times. The first time, he came in and closed the door and sexually harassed plaintiffs calling them "beautiful" amongst other things. At this point, JANE DOE 2 thought that he would be caught by ISU and IA including, but not limited to, OFFICER SPINNEY, because on information and belief unlocking and entering an inmate's cell without a sergeant was a violation of CDCR and/or CIW rules. Yet, no one from ISU or IA including, but not limited to, OFFICER SPINNEY, came.

34.     Because she was told by ISU and IA including, but not limited to, OFFICER SPINNEY, to flirt with OFFICER MERRILL, JANE DOE 2 told JANE DOE 3 that they should flirt with OFFICER MERRILL to see what happens. JANE DOE 2 went along with this.

35.     Subsequently OFFICER MERRILL came back to the cell. OFFICER MERRILL grabbed JANE DOE 3, pulled her to him, put his hand in her shorts and digitally penetrated her vagina against her will and without her consent. During this encounter, JANE DOE 2 stated the code phrase "can we get some pizza." No one from ISU or IA including, but not limited to, OFFICER

SPINNEY, came to the cell and stopped this sexual assault of JANE DOE 3 even though they knew it was occurring.

36.     During the same visit, OFFICER MERRILL grabbed JANE DOE 2 and attempted to push her face down onto his naked penis. OFFICER MERRILL also digitally penetrated JANE DOE 2's vagina against her will and without her consent. JANE DOE 2 against stated the code phrase "can we get some pizza." Yet, once again, neither ISU nor IA including, but not limited to, OFFICER SPINNEY, stopped the sexual assault of JANE DOE 2 even though they knew that it was occurring at the time that it occurred.

37.     Only after both women were sexually assaulted, and digitally penetrated, against their will and without their consent, did ISU and IA come to the room, place plastic bags over both of OFFICER MERRILL's hands, and remove him.

38.     JANE DOE 2 was taken to a local hospital for a rape kit. JANE DOE 3 terrified, and not knowing what would happen to her, declined the rape kit.

39.     JANE DOE 2 sought mental health treatment due to the aforementioned incidents, but did not feel comfortable speaking about the aforementioned conduct of OFFICER MERRILL because, on information and belief,the mental health professional was employed by CDCR and/or CIW and when she did discuss OFFICER MERRILL's conduct, the mental health professional stopped the conversation.

40.     JANE DOE 3 also sought mental health treatment due to the aforementioned incidents and has been diagnosed with mixed anxiety and depressive disorders and generalized anxiety.

## DAMAGES

41.     As a direct and proximate result of all Defendants' conduct as set forth herein,JANE DOE 2 and JANE DOE 3 were wrongfully and severely sexually assaulted, battered, abused and harassed and sustained serious and

permanent injuries which were exclusively caused by the above-described actions and omissions of the individual Defendants, and other agents and employees of the CDCR.

42.    As a further direct and proximate cause of the sexual assault, battery, abuse, harassment and civil rights violations of JANE DOE 2 by OFFICER MERRILL, OFFICER SPINNEY and DOES 1-10, JANE DOE 2 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, isolation, trouble sleeping, fear at night, panic at night and/or when the light is flashed on her and/or when cell doors open or closed, and apprehension, all to her damage in a sum to be determined at trial.

43.    As a further direct and proximate cause of the sexual assault, battery, abuse, harassment and Civil Rights Violations of JANE DOE 3 by OFFICER MERRILL, OFFICER SPINNEY and DOES 1-10,  JANE DOE 3 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, inability to articulate feelings, trouble sleeping, fear at night, desire to hide at night, feelings of disgust toward men, extreme sadness, mixed anxiety and depressive disorder,and apprehension, all to her damage in a sum to be determined at trial.

## FOR THE FIRST CAUSE OF ACTION

### (By PLAINTIFFS JANE DOE 2 AND JANE DOE 3

### Against DEFENDANTS, OFFICER MERRILL and DOE 1,

### ForViolations of Civil Rights [42 U.S.C. § 1983])

### (Based on Sexual Battery)

44.    Plaintiffs JANE DOE 2 and JANE DOE 3hereby restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth

in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

45.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE 2 and JANE DOE 3 by the EighthAmendment to the United States Constitution.

46.     At all times mentioned herein, Defendant OFFICER MERRILL was employed by the California Department of Corrections and Rehabilitation ("CDCR") in the position of Correctional Officer and stationed at the California Institute for Women ("CIW").  CDCR provided OFFICER MERRILL with an official badge and identification cards which designated and described OFFICERMERRILL as an agent and employee of CDCR and CIW.

47.     During all times mentioned herein, OFFICER MERRILL acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and in so doing, deprived JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the Eighth Amendment to the United States Constitution and the laws of the United States.

48.     During all times mentioned herein, OFFICER MERRILL was acting in the course and scope of his employment with CDCR and/or CIW.

49.     During all times mentioned herein, OFFICER MERRILL's conduct toward JANE DOE 2 and JANE DOE 3 was cruel, unusual, malicious, sadistic, offensive to human dignity, sexually abusive, sexually harassing, without penological justification and for his own gratification, thereby depriving JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the Eighth Amendment to the United States Constitution and the laws of the United States.

50.     OFFICER MERRILL, sexually assaulted, battered, abused,harassed, and injured JANE DOE 2 and JANE DOE 3, as previously described, all of which constituted unjustifiable, unreasonable, and unlawful acts of sexual misconduct in violation of and with deliberate indifference to JANE DOE 2 and JANE DOE 3'S constitutional rights to be free from cruel and unusual punishment.

51.     The above acts and omissions of the Defendants, and each of them, was undertaken while under color of state law and resulted in the violation of JANE DOE 2 and JANE DOE 3's constitutional rights, as stated herein.

52.     JANE DOE 2 and JANE DOE 3 had the right to be free from unlawful cruel and unusual punishment, unlawful use of force and unlawful sexual assault, battery, abuse and/or harassment.  All of these rights and privileges are secured to JANE DOE 2 and JANE DOE 3 by the provisions of the Eighth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the OFFICER MERRILL which proximately caused severe injuries to JANE DOE 2 and JANE DOE 3, as described herein.

53.     The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE 2 and JANE DOE 3 of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE 2 and JANE DOE 3 to punitive and exemplary damages in an amount to be proven at the trial of this matter.

54.     As a direct and proximate result of the aforementioned constitutional violations, JANE DOE2 was sexually assaulted, battered, abused and harassedand has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust,

isolation, trouble sleeping, fear at night, panic at night and/or when the light is flashed on her and/or when cell doors open or closed, and apprehension, all to her damage in a sum to be determined at trial.

55.   As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 3 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, inability to articulate feelings, trouble sleeping, fear at night, desire to hide at night, feelings of disgust toward men, extreme sadness, mixed anxiety and depressive disorder, and apprehension, all to her damage in a sum to be determined at trial.

56.   Additionally, as a proximate cause of the sexual assault, battery abuse and harassment by OFFICER MERRILL, JANE DOE 2 and JANE DOE 3 havetreated and will continue to treat with mental health providers in an amount to be proven at trial.

57.   JANE DOE 2 and JANE DOE 3 have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE 2 and JANE DOE 3 are entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
### (By PLAINTIFFSJANE DOE 2 and JANE DOE 3
### Against DEFENDANTS,OFFICER J. SPINNEY and DOES 2-10,
### ForViolations of Civil Rights [42 U.S.C. § 1983])
### (Based on Supervisory Liability)

58.   Plaintiffs JANE DOE 2 and JANE DOE 3 hereby restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth

in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

59.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE 2 and JANE DOE 3 by the Eighth Amendment to the United States Constitution.

60.     Plaintiffs are informed and believe that at all times relevant herein, Defendants OFFICER SPINNEY and DOES 2-10 were employed by CDCR in supervisory roles and stationed at CIW during the time periods alleged herein.

61.     Plaintiffs are informed and believe that at all times relevant herein, that in their supervisory roles, Defendants OFFICER SPINNEY and DOES 2-10 were responsible for the supervision of subordinate correctional officers at CIW including, but not limited to, Defendant, OFFICERMERRILL.

62.     During all times mentioned herein, Defendants OFFICER SPINNEY and DOES 2-10 acted under color and pretense of state law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR.

63.     During all times mentioned herein, the acts and/or failures to act of OFFICE MERRILL, Defendants OFFICER SPINNEY and DOES 2-10's subordinate, deprived JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the Eighth Amendment to the United States Constitution and the laws of the United States.

64.     In willfully committing the acts of sexual misconduct as described in the foregoing paragraphs of this Complaint, OFFICER MERRILL, deprived JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the Eighth Amendment to the United States Constitution and the laws of the United States.

65.   Defendants OFFICER SPINNEY and DOES 2-10 are responsible under a theory of supervisory liability for the act and omissions of Defendant OFFICER MERRILL as alleged herein based on the following:

a.   Defendants OFFICER SPINNEY and DOES 2-10 set in motion a series of acts by OFFICER MERRILL that they knew or reasonably should have known would cause OFFICER MERRILL to deprive JANE DOE 2 and JANE DOE 3 of their constitutional rights as set forth herein. Specifically, as alleged above, Defendants OFFICER SPINNEY and DOES 2-10 set in motion a scheme to "catch" OFFICER MERRILL in the act of violating Plaintiffs' constitutional rights by using Plaintiffs as bait;and/or

b.   Defendants OFFICER SPINNEY andDOES 2-10 knowingly refused to terminate a series of acts by OFFICER MERRILL that they knew or reasonably should have known would cause OFFICER MERRILL to deprive JANE DOE 2 and JANE DOE 3 of their constitutional rights as set forth herein. Specifically, as alleged above, Defendants OFFICER SPINNEY and DOES 2-10 failed to intervene in OFFICER MERRILL'S sexual assault, battery, abuse and harassment of JANE DOE 2 and JANE DOE 3 even though Defendants OFFICER SPINNEY and DOES 2-10 knew these events were happening at the time they occurred and hence knew that OFFICER MERRILL was violating Plaintiffs' constitutional rights; and/or

c.   Defendants OFFICER SPINNEY and DOES 2-10 knew that OFFICER MERRILL was engaging in sexual assault, battery, abuse and harassment of JANE DOE 2 and JANE DOE 3 in violation of their constitutional rights as set forth herein and failed to act to prevent OFFICER MERRILL'S sexual assault, battery, abuse and harassment of JANE DOE 2 and JANE DOE 3 even though Defendants OFFICER SPINNEY and DOES 2-10 knew these events were happening at the time they occurred and hence knew that OFFICER MERRILL was violating Plaintiffs' constitutional rights; and/or

d.    Defendants OFFICER SPINNEY and DOES 2-10 showed a reckless or callous indifference to the depravation of the rights of JANE DOE 2 and JANE DOE 3 by OFFICER MERRILL.

66.    The conduct alleged herein by Defendants OFFICER SPINNEY and DOES 2-10 was so closely related to the depravation of the rights of JANE DOE 2 and JANE DOE 3 by OFFICER MERRILL as to be the moving force that caused the ultimate injury to Plaintiffs.

67.    The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE 2 and JANE DOE 3 of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE 2 and JANE DOE 3 to punitive and exemplary damages in an amount to be proven at the trial of this matter.

68.    As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 2 was sexually assaulted, battered, abused and harassed and has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, isolation, trouble sleeping, fear at night, panic at night and/or when the light is flashed on her and/or when cell doors open or closed, and apprehension, all to her damage in a sum to be determined at trial.

69.    As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 3 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, inability to articulate feelings, trouble sleeping, fear at night, desire to hide at night, feelings of disgust toward men, extreme sadness,

mixed anxiety and depressive disorder, and apprehension, all to her damage in a sum to be determined at trial.

70.     Additionally, as a proximate cause of aforementioned acts and omissions, JANE DOE 2 and JANE DOE 3 have treated and will continue to treat with mental health providers in an amount to be proven at trial.

71.     JANE DOE 2 and JANE DOE 3 have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE 2 and JANE DOE 3 are entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

### FOR THE THIRD CAUSE OF ACTION
**(By PLAINTIFFS JANE DOE 2 and JANE DOE 3**
**Against DEFENDANTS, OFFICER J. SPINNEY and DOES 2-10,**
**For Violations of Civil Rights [42 U.S.C. § 1983])**
**(Based on Conditions of Confinement)**

72.     Plaintiffs JANE DOE 2 and JANE DOE 3 hereby restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

73.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE 2 and JANE DOE 3 by the Eighth Amendment to the United States Constitution.

74.     Plaintiffsare informed and believe that at all times relevant herein, Defendants OFFICER SPINNEY and DOES 2-10 were employed by CDCR in supervisory roles and stationed at CIW during the time periods alleged herein.

75.     Plaintiffsare informed and believe that at all times relevant herein, that in their supervisory roles, Defendants OFFICER SPINNEY and DOES 2-10

were responsible for the supervision of subordinate correctional officers at CIW including, but not limited to, Defendant, OFFICERMERRILL.

76.     During all times mentioned herein, Defendants OFFICER SPINNEY and DOES 2-10 acted under color and pretense of state law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR.

77.     As set forth previously herein, OFFICE MERRILL sexually assaulted, battered, abused and harassed Plaintiffs JANE DOE 2 and JANE DOE 3 thereby depriving them of the rights, privileges, and immunities secured to them by the Eighth Amendmentto the United States Constitution and the laws of the United States.

78.     Once JANE DOE 2 reported OFFICER MERRILL'S sexual misconduct in or around October 2017, Defendants OFFICER SPINNEY and DOES 2-10 knew that Plaintiffs and other women incarcerated at CIW faced a substantial risk of serious harm from him.

79.     Defendants OFFICER SPINNEY and DOES 2-10 were deliberately indifferent to the risks of serious harm posed by OFFICER MERRILL, that is, Defendants OFFICER SPINNEY and DOES 2-10 knew of the risks of serious harm posed by OFFICER MERRILL and disregarded them by failing to take reasonable measures to address such risks, to wit, using JANE DOE 2 and JANE DOE 3 as bait for OFFICER MERRILL, failing to remove OFFICER MERRILL when he sexually harassed JANE DOE 2 and JANE DOE 3, failing to intervene when JANE DOE 2 said the 'safe' phrase: 'can we get some pizza'; failing to intervene when OFFICER MERRILL sexually assaulted JANE DOE 3, and failing to intervene when OFFICER MERRILL sexually assaulted JANE DOE 2.

80.     In willfully committing the aforementioned acts and omissions, Defendants OFFICER SPINNEY and DOES 2-10, deprived JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the

Eighth Amendment to the United States Constitution and the laws of the United States.

81.     The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE 2 and JANE DOE 3 of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE 2 and JANE DOE 3 to punitive and exemplary damages in an amount to be proven at the trial of this matter.

82.     As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 2 was sexually assaulted, battered, abused and harassedand has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, isolation, trouble sleeping, fear at night, panic at night and/or when the light is flashed on her and/or when cell doors open or closed, and apprehension, all to her damage in a sum to be determined at trial.

83.     As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 3 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, inability to articulate feelings, trouble sleeping, fear at night, desire to hide at night, feelings of disgust toward men, extreme sadness, mixed anxiety and depressive disorder, and apprehension, all to her damage in a sum to be determined at trial.

84.     Additionally, as a proximate cause of aforementioned acts and omissions, JANE DOE 2 and JANE DOE 3 have treated and will continue to treat with mental health providers in an amount to be proven at trial.

85.     JANE DOE 2 and JANE DOE 3 have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE 2 and JANE DOE 3 are entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE FOURTH CAUSE OF ACTION

### (By PLAINTIFFS JANE DOE 2 and JANE DOE 3
### Against DEFENDANTS, OFFICER J. SPINNEY and DOES 2-10,
### For Violations of Civil Rights [42 U.S.C. § 1983])
### (Based on Failure to Protect)

86.     Plaintiffs JANE DOE 2 and JANE DOE 3 hereby restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point and each and every part thereof with the same force and effect as though set out at length herein.

87.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE 2 and JANE DOE 3 by the EighthAmendment to the United States Constitution.

88.     Plaintiffs are informed and believe that at all times relevant herein, Defendants OFFICER SPINNEY and DOES 2-10 were employed by CDCR in supervisory roles and stationed at CIW during the time periods alleged herein.

89.     Plaintiffs are informed and believe that at all times relevant herein, that in their supervisory roles, Defendants OFFICER SPINNEY and DOES 2-10 were responsible for the supervision of subordinate correctional officers at CIW including, but not limited to, Defendant, OFFICER MERRILL.

90.     During all times mentioned herein, Defendants OFFICER SPINNEY and DOES 2-10 acted under color and pretense of state law, and under color of

the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR.

91.    As set forth previously herein, OFFICE MERRILL sexually assaulted, battered, abused and harassed Plaintiffs JANE DOE 2 and JANE DOE 3 thereby depriving them of the rights, privileges, and immunities secured to them by the Eighth Amendmentto the United States Constitution and the laws of the United States.

92.    On or before the date that JANE DOE 2 reported OFFICER MERRILL's sexual misconduct in or around October 2017, Defendants OFFICER SPINNEY and DOES 2-10 knew that Plaintiffs and other women incarcerated at CIW faced a substantial risk of serious harm from him.

93.    Defendants OFFICER SPINNEY and DOES 2-10 made an intentional decision with respect to the conditions of Plaintiffs' confinement by using them as bait for OFFICER MERRILL whom they knew posed a risk of serious harm to Plaintiffs. Indeed, Defendants OFFICER SPINNEY andDOES 2-10 used JANE DOE 2 and JANE DOE 3 as bait for OFFICER MERRILL, failed to remove OFFICER MERRILL when he sexually harassed JANE DOE 2 and JANE DOE 3, failed to intervene when JANE DOE 2 said the 'safe' phrase: 'can we get some pizza'; failed to intervene when OFFICER MERRILL sexually assaulted JANE DOE 3, and failed to intervene when OFFICER MERRILL sexually assaulted JANE DOE 2.

94.    The aforementioned conduct by Defendants OFFICER SPINNEY and DOES 2-10 put the plaintiffs herein at a substantial risk of suffering serious harm.

95.    Defendants OFFICER SPINNEY and DOES 2-10 did not take reasonable measures to abate the risks posed by OFFICER MERRILL to plaintiffs, even though a reasonable officer in those circumstances would have

appreciated the high degree of risk involved – making the consequences of Defendants OFFICER SPINNEY, and DOES 2-10's, conduct obvious.

96.     In willfully committing the aforementioned acts and omissions, Defendants OFFICER SPINNEY and DOES 2-10, deprived JANE DOE 2 and JANE DOE 3 of the rights, privileges, and immunities secured to them by the Eighth Amendment to the United States Constitution and the laws of the United States.

97.     The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE 2 and JANE DOE 3 of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE 2 and JANE DOE 3 to punitive and exemplary damages in an amount to be proven at the trial of this matter.

98.     As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 2 was sexually assaulted, battered, abused and harassedand has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, isolation, trouble sleeping, fear at night, panic at night and/or when the light is flashed on her and/or when cell doors open or close ,and apprehension, all to her damage in a sum to be determined at trial.

99.     As a direct and proximate result of the aforementioned constitutional violations, JANE DOE 3 has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, self-degradation, shame, disgust, inability to articulate feelings, trouble sleeping, fear at night, desire to hide at night, feelings of disgust toward men, extreme sadness,

mixed anxiety and depressive disorder, and apprehension, all to her damage in a sum to be determined at trial.

100.   Additionally, as a proximate cause of aforementioned acts and omissions, JANE DOE 2 and JANE DOE 3 have treated and will continue to treat with mental health providers in an amount to be proven at trial.

101.   JANE DOE 2 and JANE DOE 3 have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE 2 and JANE DOE 3 are entitled to, and hereby demand, costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

102.   PLAINTIFFS, JANE DOE 2 and JANE DOE 3, hereby demand that a jury be empaneled for the trial of this matter.

## PRAYER

WHEREFORE, PLAINTIFFS JANE DOE 2 and JANE DOE 3 pray for judgment against Defendants as follows:

1.     For general damages in an amount to be determined according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein.

4.     For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

5.     For attorneys' fees and expert witness fees incurred herein;

6.     For statutory damages as permitted by law; and

/ / /

7.     For such other and further relief as the Court deems just and proper.

DATED: April 28, 2021                    Respectfully submitted,

                                           **SO CAL JUSTICE LAW GROUP, P.C.**

                       By:     /s/ Jennifer A. Bandlow            .
                                   Jennifer A. Bandlow, Esq.
                                   Attorneys for Plaintiffs