ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
LYNDSAY CRENSHAW
Deputy Attorney General
State Bar No. 246743
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9503
 Fax:  (619) 645-2581
 E-mail:  Lyndsay.Crenshaw@doj.ca.gov
*Attorneys for Defendant*
*J. Spinney*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **JANE DOE 2 and JANE DOE 3,** | 5:21-cv-00771-DMG-RAO |
| Plaintiffs, | **DEFENDANT SPINNEY'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL** |
| v. | |
| **OFFICER S. MERRILL, et al.,** | |
| Defendants. | |

Defendant J. Spinney (Answering Defendant), answers the Complaint, and denies any material allegations that are not explicitly admitted, and admits and denies the material allegations, as follows:

¶ 1: Answering Defendant denies all allegations in this paragraph of the Complaint that pertain to him, and admits that Defendant Merrill was dismissed from employment with the California Department of Corrections and Rehabilitation (CDCR) due to sexual misconduct.

/ / /

/ / /

1

**JURISDICTION AND VENUE**

¶¶ 2-3: Answering Defendant admits this Court has jurisdiction under 28 U.S.C. § 1343(a)(3). Other material allegations not specifically admitted in this section of the Complaint are denied.

**PARTIES**

¶ 4: Answering Defendant admits the allegations in this section of the Complaint.

¶ 5: Answering Defendant admits Defendant Merrill was employed by CDCR. Other material allegations not specifically admitted in this section of the Complaint are denied.

¶ 6: Answering Defendant admits he was employed by CDCR. Other material allegations not specifically admitted in this section of the Complaint are denied.

¶ 7: Answering Defendant admits the allegations in this section of the Complaint.

¶¶ 8-11: Answering Defendant admits he was working for CDCR during the timeframe at issue. All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

¶¶ 12-13: Answering Defendant admits administrative remedies were exhausted only to the extent demonstrated in grievance numbers CIW-20-00154 and CIW-20-00155.

**FACTS COMMON TO ALL CAUSES OF ACTION**

¶ 14: Answering Defendant admits Defendant Merrill was dismissed because of sexual misconduct. All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 15: Answering Defendant admits Plaintiffs were incarcerated at the California Institute for Women (CIW), and that Answering Defendant and

Defendant Merrill worked at CIW during the timeframe at issue.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 16: Answering Defendant admits Plaintiffs were incarcerated at CIW during the timeframe at issue.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 17: Answering Defendant admits Defendant Merrill worked at CIW during the timeframe at issue.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 18: Answering Defendant admits he worked at CIW during the timeframe at issue and wore the required uniform.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 19: Answering Defendant admits Defendant Merrill worked at CIW during the timeframe at issue, including first watch.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶ 20: All material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

**SEXUAL HARASSMENT AND ASSAULT OF JANE DOE 2**

¶¶ 21-27: Answering Defendant admits Plaintiffs were incarcerated at CIW during the timeframe at issue, that Defendant Merrill worked at CIW, including first watch, and that Defendant Merrill was dismissed for sexual misconduct.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶¶ 28-29: Answering Defendant admits that a sting operation to catch Defendant Merrill, with Jane Doe 2's participation and consent, was conducted.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

///

**THE SEXUAL HARASSMENT OF JANE DOE 3**

¶¶ 30-31:  Answering Defendant denies the allegations in this section of the Complaint based on a lack of information and knowledge.

**THE SEXUAL HARASSMENT OF JANE DOE 2 AN JANE DOE 3 WHILE ISU AND IA WERE WATCHING**

¶¶ 32–38:  Answering Defendant admits that a sting operation occurred, and that Defendant Merrill was dismissed for sexual misconduct as a result of the sting operation.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

¶¶ 39-40:  All material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

**DAMAGES**

¶¶ 41–43:  All material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

**FOR THE FIRST CAUSE OF ACTION**

**(BY PLAINTIFFS JANE DOE 2 AND JANE DOE 3 AGAINST DEFENDANTS OFFICER MERRILL AND DOE 1 FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C § 1983])**

**(Based on Sexual Battery)**

¶ 44:  Answering Defendant incorporates his responses as delineated above.

¶¶ 45-57:  Answering Defendant admits Defendant Merrill was employed at CIW during the timeframe at issue, and that he was dismissed for sexual misconduct.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

**FOR THE SECOND CAUSE OF ACTION**

**(BY PLAINTIFFS JANE DOE 2 AND JANE DOE 3 AGAINST DEFENDANTS OFFICER SPINNEY AND DOES 2-10 FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C § 1983])**

**(Based on Supervisory Liability)**

¶ 58:  Answering Defendant incorporates his responses as delineated above.

¶¶ 59-71:  Answering Defendant admits he was employed at CIW during the timeframe at issue.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

## FOR THE THIRD CAUSE OF ACTION
## (BY PLAINTIFFS JANE DOE 2 AND JANE DOE 3 AGAINST DEFENDANTS OFFICER MERRILL AND DOE 1 FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C § 1983])
**(Based on Conditions of Confinement)**

¶ 72:  Answering Defendant incorporates his responses as delineated above.

¶¶ 73-85:  Answering Defendant admits he was employed at CIW during the timeframe at issue, and that Defendant Merrill was dismissed for sexual misconduct as a result of the sting operation.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

## FOR THE FOURTH CAUSE OF ACTION
## (BY PLAINTIFFS JANE DOE 2 AND JANE DOE 3 AGAINST DEFENDANTS OFFICER MERRILL AND DOE 1 FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C § 1983])
**(Based on Failure to Protect)**

¶ 86:  Answering Defendant incorporates his responses as delineated above.

¶¶ 87 - 101:  Answering Defendant admits he was employed at CIW during the timeframe at issue, and that Defendant Merrill was dismissed for sexual misconduct as a result of the sting operation.  All other material allegations in this section of the Complaint are denied based on a lack of information and knowledge.

## JURY DEMAND

¶ 102:  Answering Defendant neither admits nor denies the allegations in this section of the Complaint because they are not material.

## PRAYER

¶ 103: Answering Defendant denies that Plaintiff is entitled to the requested damages, or any damages at all.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Qualified Immunity)

Answering Defendant is entitled to qualified immunity because there can be no violation based on the facts alleged or presented, and because Answering Defendant's conduct did not violate clearly established law of which a reasonable person would have known. At all relevant times, Answering Defendant acted within the scope of discretion, with due care, with a good-faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that the actions comported with the Constitution and all applicable federal and state laws.

### Second Affirmative Defense

### (Immunity Under 11th Amendment and Other Immunities)

Answering Defendant is immune from damages to the extent that Plaintiffs are suing him in his official capacity under the Eleventh Amendment.

### Third Affirmative Defense

### (Third Parties)

To the extent Plaintiffs sustained damages by reason of Merrill's alleged conduct, those damages were caused in whole or in part by the negligence or fault of Merrill, a person for whose actions this answering Defendant was in no way responsible.

### Fourth Affirmative Defense

### (Failure to Mitigate)

Plaintiffs' claims for damages are barred, or should be reduced, because Plaintiffs failed to exercise reasonable diligence and/or behavior to mitigate the

nature and extent of their claims and alleged injuries by informing CDCR of Merrill's alleged conduct.

### Fifth Affirmative Defense

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), in that Plaintiffs failed to exhaust his administrative remedies as to the Answering Defendant and/or claims asserted in this action.

### DEMAND FOR JURY TRIAL

Answering Defendant hereby demands a trial before a jury on all issues presented by the Complaint triable to a jury.

WHEREFORE, Answering Defendant prays that:

1. Judgment be rendered in favor of Answering Defendant and against Plaintiffs;

2. Plaintiffs take nothing by the Complaint;

3. Answering Defendant be awarded costs of suit incurred and attorney's fees herein; and

4. Answering Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  August 23, 2021                              Respectfully submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     WILLIAM C. KWONG
                                                     Supervising Deputy Attorney General


                                                     *s/ Lyndsay Crenshaw*

                                                     LYNDSAY CRENSHAW
                                                     Deputy Attorney General
                                                     *Attorneys for Defendant*
                                                     *J. Spinney*

SD2021801509
83010763.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Jane Doe, et al. v. Officer S. Merrill, et al.** | No. | **5:21-cv-00771-DMG-RAO** |
|---|---|---|---|

I hereby certify that on **August 23, 2021**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT SPINNEY'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **August 23, 2021**, at San Diego, California.

A. J. Lopez
Declarant

Signature

SD2021801509
83014181.docx